IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME RODRIGUEZ NERI,<br>#1678471,<br>PETITIONER,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br>RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:25-CV-1543-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. For the reasons set forth below, this case should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On July 7, 2025, the Court issued a deficiency order advising Petitioner that, insofar as he sought to file a federal habeas corpus petition under 28 U.S.C. § 2254, he must file a petition for writ of habeas corpus on the appropriate form with a motion for leave to proceed *in forma pauperis* or the $5.00 filing fee. Doc. 5. *See* N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring petitions for writ of habeas corpus on the court-approved form); N.D. Tex. Misc. Ord. 14 (requiring motions to proceed *in forma pauperis* on the court-approved form). The deadline for Petitioner's response was extended to September 8, 2025. As of the date of this recommendation, however, he has not responded to the Court's order, nor has he sought an extension of time to do so.

In addition, on August 19, 2025, the order extending time to respond, which the Clerk of the Court had mailed to Petitioner at the Texas Department of Criminal Justice address provided by him, was returned as undeliverable because Petitioner is no longer confined there. Doc. 8 at 1. Petitioner has not provided his current address as of the date of this recommendation. *See* Doc. 4 (requiring pro se party to promptly notify the Court in writing of any change of address or the case may be dismissed); Doc. 2 (same in instructions to pro se party).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on September 15, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition or any other filed in this court. *See* 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).