IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME RODRIGUEZ NERI, | § | |
| #1678471, | § | |
| PETITIONER, | § | |
| | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-1543-L-BK |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jaime Rodriguez Neri's

*pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United

States Magistrate Judge for case management, including the issuance of findings and a

recommended disposition.  As detailed here, the successive habeas petition should be

**DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I.  BACKGROUND

In 2010, Neri pleaded guilty to aggravated sexual assault and was sentenced to 30 years'

imprisonment.  *State v. Neri*, Nos. F09-58674 (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex., Aug.

11, 2010); Doc. 10 at 2 (Am. Pet.).  His direct criminal appeal was dismissed for lack of

jurisdiction.  *Neri v. State*, No. 05-10-01373-CR (Tex. App.—Dallas Mar. 8, 2011); Doc. 10 at 3.

Although Neri did not file a state habeas application, he unsuccessfully challenged his conviction

in a federal habeas proceeding in this Court, which was dismissed with prejudice as time barred.

*See Neri v. Director*, No. 3:24cv1378-E-BT, 2024 WL 3836562 (N.D. Tex. Jul. 22, 2024), *rec.*

*adopted*, No. 3:24cv1378-E-BT, 2024 WL 3841484 (N.D. Tex. Aug. 14, 2024).  Neri then filed a

state habeas application, which was denied without written order. *Ex parte Neri*, No. WR-89,599-02 (Tex. Crim. App. Dec. 18, 2024); Doc. 10 at 4.

On June 4, 2024, Neri, then a state prisoner[1], filed his second federal habeas petition again challenging his underlying conviction. Doc. 10 at 2. He raises 11 grounds for relief, reiterating some allegations presented in his earlier federal petition. Doc. 10 at 6-16. But Neri has not obtained the prior authorization of the appellate court to file a successive application, as required.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir.

---

[1] Although Neri has yet to inform the Court of his address change, records available online—of which the Court takes judicial notice—confirm he is no longer confined in Texas Department of Criminal Justice (TDCJ). *See* https://inmate.tdcj.texas.gov/InmateSearch (last accessed on Jan. 27, 2026).

2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Here, the United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider Neri's successive petition. Neri must obtain such an order before he can file a successive application challenging his conviction. And because Neri has not informed the court of his current, dismissal without prejudice for want of jurisdiction—rather than transfer—is appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam); *Crone*, 324 F.3d at 838.

## III.   CONCLUSION

For all these reasons, Neri's successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

**SO RECOMMENDED** on January 27, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).