IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAIME RODRIGUEZ NERI,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1543-L-BK** |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

# ORDER

On January 27, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17) was entered, recommending that the court dismiss without prejudice rather than transfer this successive habeas action, brought pursuant to 28 U.S.C. § 2254, for lack of jurisdiction because Petitioner has not obtained authorization from the Fifth Circuit to file a successive habeas petition, and he has not provided the court with his current address. For support that dismissal rather than transfer to the United States Court of Appeals for the Fifth Circuit is appropriate, the Report cites *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam), and *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003). The court has not received any objections to the Report from Petitioner, and the time for filing objections has expired.

While the Fifth Circuit cases referenced in the Report conclude that dismissal without prejudice of a successive petition may be appropriate in certain circumstances, neither of the cases recognize that dismissal rather than transfer is appropriate when, as here, the district court lacks information regarding a petitioner's current address. Thus, although the court agrees that the habeas petition in this case should be construed as a successive habeas corpus petition over which the court lacks jurisdiction for the reasons explained by the magistrate judge, it determines that

**Order – Page 1**

this successive habeas action should be transferred to the United States Court of Appeals for the Fifth Circuit.

After considering the petition, file, record in this case, and the Report issued by the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as **modified and supplemented** by this order. When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed.  For the reasons set forth in the Report, the court **construes** Petitioner's habeas corpus petition as a successive habeas petition under 28 U.S.C. § 2254 over which the court lacks jurisdiction and **directs** the clerk of the court to **transfer** the action and the successive habeas petition to the Fifth Circuit to determine whether the claims asserted should be allowed to proceed.

**It is so ordered** this 20th day of February, 2026.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge